UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4927-GHK (AJWx) | Date | June 15, 2011 |
|---|---|---|---|

| Title | *The Bank of New York Mellon v. James Messerschmitt, et al.* |
|---|---|

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)** (1) Order to Show Cause; (2) Notice of Potential Procedural Defect and Plaintiff's Right to File Motion to Remand

On June 9, 2011, Defendants James Messerschmitt and Cheryl Messerschmitt ("Defendants") removed the above-titled action to this Court. The Notice of Removal asserts that we have federal question jurisdiction.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**I.      Subject Matter Jurisdiction**

In determining federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007) (internal quotation marks and citations omitted). The well-pleaded complaint rule "makes the plaintiff the master of the claim"; "[he] may avoid federal jurisdiction by exclusive reliance on state law " if he so desires. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a result, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974)). Along with the Notice of Removal, Defendants attached the state court Complaint. On its face, the Complaint only alleges a claim for unlawful detainer. This is not a federal claim and does not provide a basis for our subject matter jurisdiction.

**II.     Notice of Potential Procedural Defect and Plaintiff's Right to File Motion to Remand**

Even if there were a proper basis for jurisdiction, removal can only be effected by non-resident defendants. *See* 28 U.S.C. § 1441(b). "Once any 'local' defendant (a citizen of the forum state) has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4927-GHK (AJWx) | Date | June 15, 2011 |
|---|---|---|---|

| Title | *The Bank of New York Mellon v. James Messerschmitt, et al.* |
|---|---|

been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991). The Complaint alleges that Defendants are citizens of California and the Complaint concerns a parcel of residential property located in California. Therefore, it would appear that Defendants' removal is procedurally, although not jurisdictionally, defective. *See Korea Exchange Bank, N.Y. Branch v. Trackwise Sales Corp.,* 66 F.3d 46, 50 (3d Cir. 1995) ("The invocation of the removal machinery by a citizen of the forum state, while error, is not a 'jurisdictional' defect under relevant Supreme Court precedent. Rather, it is a 'defect in removal procedure' which can be waived."). A district court does not have authority to remand a case *sua sponte* for a non-jurisdictional procedural defect under 28 U.S.C. § 1447(c). *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). In the event that Plaintiff wishes to preserve the right to object based upon any procedural defects in the Notice of Removal, Plaintiff **MUST** do so by filing an appropriate motion for remand on or before July 9, 2011. *See* 28 U.S.C. § 1447(c). The meet and confer requirement of Local Rule 7-3 is waived for this potential motion only.

### III. Order

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Therefore, Defendants are **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS hereof**, as to why this matter should not be remanded because this Court lacks subject matter jurisdiction. Defendants' failure to timely and adequately show cause as required herein shall be deemed their admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  |  | -- | : | -- |
|---|---|---|---|---|
| | Initials of Deputy Clerk | | Bea | |